**Not for Publication in West's Federal Reporter**

# United States Court of Appeals
## For the First Circuit

---

No. 11-1951

UNITED STATES OF AMERICA,

Appellee,

v.

JOHN CROSBY,

Defendant, Appellant.

---

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MAINE

[Hon. George Z. Singal, U.S. District Judge]

---

Before

Torruella, Howard, and Thompson, Circuit Judges.

---

James B. Krasnoo, with whom Benjamin L. Falkner and Krasnoo|Klehm LLP were on brief, for appellant.
Margaret D. McGaughey, Assistant United States Attorney (Appellate Chief), with whom Thomas E. Delahanty II, United States Attorney, was on brief, for appellee.

---

October 11, 2012

---

**PER CURIAM**.  The sole ground of this appeal is John Crosby's claim that his trial lawyer furnished ineffective assistance by failing to make a pretrial motion to suppress a shotgun found in his car.  The claim makes its debut here, and that is a problem for Crosby because we generally will not consider an ineffective-assistance claim "on direct appeal, requiring instead that [the] defendant raise it (if at all) in a separate collateral proceeding."  United States v. Guerrier, 669 F.3d 1, 9 (1st Cir. 2011).  There is, of course, an exception "for the rare case where the record is sufficiently developed and the important facts are undisputed."  Id.  But Crosby's case falls within the general rule, not the long-odds exception to it, given the gaps in the record.  To give just one example:  the record is unclear whether the lawyer's decision, "when made, was a calculated stratagem or a mere oversight."  See United States v. Moran, 393 F.3d 1, 10-11 (1st Cir. 2004).  The parties whisper possible reasons why the lawyer did not move to suppress, but speculation like this does not cut it.  See, e.g., United States v. Soldevila-López, 17 F.3d 480, 485 (1st Cir. 1994).  Faced with this and other unknowns, we must dismiss Crosby's appeal, though our ruling is without prejudice to his pursuing the ineffective-assistance claim through a petition filed in the district court under 28 U.S.C. § 2255.  See, e.g., Guerrier, 669 F.3d at 9.  Naturally, we take no position on how a petition like that might fare.